# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| RALPH CRUZ,      )<br>      Plaintiff,      )<br>                  )<br>    v.            )<br>                  )<br>MICHAEL J. ASTRUE,    )<br>Commissioner of the Social Security  )<br>Administration,      )<br>      Defendant.    ) | CAUSE NO.: 2:09-CV-262-PRC |

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion for an Award of Attorney's Fees and Costs Pursuant to the Equal Access to Justice Act [DE 32], filed by Barry A. Schultz, counsel for Plaintiff Ralph Cruz, on December 17, 2010. On January 4, 2011, the Commissioner filed a response brief in opposition to Plaintiff's fee request. No reply has been filed, and the time to do so has passed. For the following reasons, the Court grants the Motion.

## PROCEDURAL AND FACTUAL BACKGROUND

On March 8, 2007, Plaintiff filed an application for Supplemental Security Income, and filed an application for Disability Insurance Benefits on August 7, 2007, alleging a disability onset date of January 18, 2006. Plaintiff's applications were denied initially and upon reconsideration.

A hearing was held on October 6, 2008, before Administrative Law Judge ("ALJ") John E. Meyer, at which Plaintiff, his attorney Thomas Scully, Medical Expert James McKenna, and Vocational Expert ("VE") Grace Gianforte appeared. On January 16, 2009, the ALJ issued a decision denying Plaintiff's applications. Plaintiff filed a Request for Review and the Appeals Council denied this request on July 20, 2009, leaving the ALJ's decision the final decision of the Commissioner.

On August 27, 2009, Plaintiff filed a Complaint with this Court, seeking review of the Commissioner's final decision. On April 2, 2010, Plaintiff filed an opening brief, submitting the following four arguments in favor of reversal or remand: (1) the ALJ engaged in an incomplete mental impairment analysis, specifically: failing to mention the appropriate mental impairment listing, failing to give appropriate weight to the evidence, and failing to adequately discuss his reasons for rejecting evidence; (2) the ALJ made an improper credibility finding that ignored SSR 96-7p; (3) the ALJ reached an erroneous residual functional capacity finding by failing to follow SSR 96-8p and incorporate all of Plaintiff's limitations; and (4) the ALJ failed to identify and resolve conflicts between the vocational expert's testimony and the Dictionary of Occupational Titles as required by SSR 00-4p.

On September 27, 2010, the Court issued an Opinion and Order remanding this matter for further proceedings and judgment thereon was entered. The Court granted remand on the following issues: the ALJ's failure to engage in a complete mental impairment analysis, an improper conclusory credibility determination, failure to account for the Plaintiff's limitations in his Residual Functional Capacity ("RFC") finding, and failure to properly examine the VE as to the consistency of her testimony with the Dictionary of Occupational Titles ("DOT"). Under Rule 4(a)(1)(B) of the Federal Rules of Appellate Procedure, the parties had 60 days in which to file an appeal. Neither party filed an appeal.

On December 17, 2010, Plaintiff filed the instant Motion for Attorney's Fees under the Equal Access to Justice Act ("EAJA"). The Motion is now before the Court.

**ANALYSIS**

In the instant Motion for Attorney's Fees, Plaintiff's counsel requests an award of fees at an hourly rate of $173.75 for attorney work performed in December 2009, when, as Plaintiff's counsel represents, most of the legal work was performed in this matter, representing the cost of living adjustments allowed by 28 U.S.C. § 2412(d)(2)(A)(ii) when employing the "All items" figure provided by the Consumer Price Index.[1] Plaintiff's attorney also requests an hourly rate of $85.00 for work performed by legal assistants/paralegals. Finally, Plaintiff's attorney requests compensation for the time spent preparing the instant Motion for Attorney's Fees.

In his opening Motion, counsel for Plaintiff requests attorney's fees in the amount of $9,822.05, which represents 55.5 attorney hours at the rate of $173.75 per hour (totaling $9643.12); $34.43 in costs; and 1.7 legal assistant hours worked at a rate of $85.00 (totaling $144.50).

The EAJA allows a prevailing plaintiff to recoup reasonable attorney fees incurred in litigation against the Commissioner of Social Security "unless the court finds that the position of the [Commissioner] was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *see also Commissioner, I.N.S. v. Jean*, 496 U.S. 154, 154 (1990); *Golembiewski v. Barnhart*, 382 F.3d 721, 723-24 (7th Cir. 2004). Pursuant to 28 U.S.C. § 2412(d)(1)(B), a fee application must be filed within thirty days of a court's final judgment and must satisfy the following requirements: (1) a showing that the applicant is a "prevailing party;" (2) a showing that the applicant is "eligible to receive an award;" (3) a showing of "the amount sought, including an itemized statement from any attorney or expert witness representing or appearing on

---

[1] Based on the time sheet submitted with Plaintiff's Motion, it appears that two attorneys performed work on behalf of Plaintiff in this case. However, only a single attorney, Barry A. Schultz, entered his appearance in this matter on Plaintiff's behalf. Thus, in this Opinion and Order, the Court refers to Plaintiff's counsel as a single attorney.

behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed;" and (4) an "alleg[ation] that the position of the [Commissioner] was not substantially justified." 28 U.S.C. § 2412(d)(1)(B); *see also Scarborough v. Principi*, 541 U.S. 401, 405 (2004); *United States v. Hallmark Constr. Co.*, 200 F.3d 1076, 1078-79 (7th Cir. 2000) (setting forth the elements of § 2412(d)(1)(A) & (B)).

In this case, it is uncontested that Plaintiff is the prevailing party and that he or his attorney filed the instant Motion in a timely manner. There are now two issues before this Court: (A) whether the position of the Commissioner was "substantially justified;" and (B) whether the fees requested by Plaintiff's attorney are reasonable. The Court will address the issues separately.

**A. Substantially Justified**

Considering whether the Commissioner was substantially justified, the court is to analyze the "position of the [Commissioner,]" which refers to the conduct of the Commissioner throughout the civil action, including pre-litigation conduct. 28 U.S.C. § 2412(d)(2)(D); *Golembiewski*, 382 F.3d at 724; *Marcus v. Shalala*, 17 F.3d 1033, 1036 (7th Cir. 1994). The trial court must consider whether the Commissioner's pre- and post-litigation "position was grounded in: (1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced." *Golembiewski*, 382 F.3d at 724 (citing *Hallmark Constr.*, 200 F.3d at 1080). The court should evaluate the factual and legal support for the Commissioner's position throughout the entire proceeding. *See Hallmark Constr.*, 200 F.3d at 1080. A court need only make one determination regarding the Commissioner's conduct during the entire civil action. *Jean*, 496 U.S. at 159; *Jackson v. Chater*, 94 F.3d 274, 278 (7th Cir. 1996). "[F]ees may be awarded in cases where the government's prelitigation conduct was

4

not substantially justified even though its litigation position may have been substantially justified and vice versa." *Marcus*, 17 F.3d at 1036. The court must undertake a global analysis of the government's position because whether that position was substantially justified will rarely be decided by a single issue. *See Hallmark Constr.*, 200 F.3d at 1080.

Although the EAJA does not define "substantial justification," the Supreme Court has defined the term to mean "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988); *see also Golembiewski*, 382 F.3d at 724. Expanding on this definition, the United States Court of Appeals for the Seventh Circuit stated, "'Substantially justified' does not mean 'justified to a high degree,' but rather has been said to be satisfied if there is a 'genuine dispute,' or if reasonable people could differ as to the appropriateness of the contested action." *Stein v. Sullivan*, 966 F.2d 317, 320 (7th Cir. 1992) (citing *Pierce*, 487 U.S. at 565). The substantial justification standard is different than the substantial evidence standard, which is used to evaluate the merits of a claimant's request for remand. *See Pierce*, 487 U.S. at 578-79. The Commissioner bears the burden of proof in showing that his litigation position was substantially justified. *See Pierce*, 487 U.S. at 565; *Golembiewski*, 382 F.3d at 724.

As a starting point for analysis, the Court summarizes its September 27, 2010, Opinion and Order. In the Order, the Court remanded this matter for further administrative proceedings, finding the ALJ failed to give proper deference to Plaintiff's examining physician regarding his alleged mental impairment, failed to mention Listing 12.05(C) or to explain his reason for denying the existence of mental disability, made a conclusory and insufficiently explained credibility determination, erred in failing to analyze whether Plaintiff requires a cane to ambulate and whether a cane requirement should be included in his RFC and hypothetical questions to the VE, and failed

5

to ask the VE whether her testimony was consistent with the DOT or to identify and correct VE testimony that did conflict with the DOT. Plaintiff's attorney argues that in light of the statutory and regulatory requirements applicable to these issues and relevant Seventh Circuit case law, the Commissioner's position was not substantially justified. In response, the Commissioner argues that his position was substantially justified since remand was primarily based on the need for further articulation by the ALJ.

### 1. *Mental Impairment*

Plaintiff contends that the Commissioner was not substantially justified in defending the ALJ"s decision, which was based on flawed reasoning and misapplication of the law. In particular, Plaintiff's attorney argues that the ALJ violated Circuit precedent by failing to discuss the evidence in light of Listing 12.05(C) and by relying on the opinion of a non-examining doctor over the opinion of the psychologist who had administered the mental disability testing. The Commissioner concedes that the listing was not identified by name, but argues that the ALJ discussed evidence in light of the relevant criteria set forth by the listing, and that his reliance on the non-examining psychologist's analysis was appropriate.

The Code directs ALJs to "give more weight to the opinion of a source who has examined [claimant] than to the opinion of a source who has not." 20 C.F.R. § 404.1527(d)(1); *see also Burton v. Apfel*, no. 97C6438, 1999 WL 46902, at *8 (N.D. Ill. Jan. 28, 1999) (finding error in failure to afford "great deference" to the opinion of the only examining psychologist). The Commissioner argues that the ALJ's decision shows that he was persuaded that the examining doctor's evaluation was not supported and was inconsistent with the other evidence in the record, so that the ALJ was justified in relying on the non-examining psychologist's analysis. Similarly,

the Commissioner argues that, although the ALJ did not explicitly mention Listing 12.05(C) for mental retardation, he did discuss evidence in light of the criteria laid out by that listing, and a close reading of his decision reveals his reasoning.

The regulations are concerned with the ALJ providing a trail of analysis that can be traced to explain the ALJ's decision, be it right or wrong. Eliminating any speculation on this point, the first sentence of 20 C.F.R. § 404.1527(d) provides, "Regardless of its source, we will evaluate every medical opinion we receive." 20 C.F.R. § 404.1527(d). Here, the ALJ completely failed to follow this mandate. The ALJ failed to analyze the weight he gave to the examining physician's opinion under the factors set forth in 404.1527(d)(1)-(6), merely stating that he concurred with the non-examining mental health processionals' opinions. The ALJ also failed to even mention Listing 12.05(C) for mental retardation. The ALJ's failures were not merely articulation failures, as the Commissioner contends, but analysis failures that did not allow the Court to follow the ALJ's reasoning and thus prevented the Court from understanding how the ALJ arrived at his conclusions. The ALJ's decision is part of the Commissioner's pre-litigation position. *See Golembiewski*, 382 F.3d at 724 (citing *Sutton v. Chater*, 944 F. Supp. 638, 639 (N.D. Ill. 1996)). Thus, the Court finds that the Commissioner's support of the ALJ's failure is not substantially justified.

     2.     *Credibility Determination*

Next, Plaintiff argues that a finding of "not substantially justified" is warranted where, as here, a matter is remanded on the basis of a conclusory credibility determination. The Commissioner contends that the ALJ did take relevant evidence into consideration and merely failed to articulate his consideration.

7

A conclusory credibility determination is contrary to the requirements of SSR 96-7p and not substantially justified. Ruling 96-7p requires the ALJ to consider the record as a whole, including objective medical evidence, the claimant's statements about symptoms, any statements or other information provided by treating or examining physicians and other persons about the conditions and how they affect the claimant, and any other relevant evidence. *See* SSR 96-7p. The ALJ's analysis in this case was woefully incomplete. Failure to give any reasoning or analysis goes beyond a mere failure in explanation. As stated in the Court's opinion, the ALJ"s "apparently post-hoc statement turns the credibility determination process on its head." *Brindisi ex rel. Brindisi v. Barnhart*, 351 F.3d 783, 787-88 (7th Cir. 2003). The Commissioner's position on this issue is without substantial justification.

   3.   RFC Finding

Plaintiff also argues that the deficiencies in the ALJ's Residual Functional Capacity assessment entitle him to EAJA fees. In particular, the ALJ did not undertake an analysis of his reasons for excluding Plaintiff's need for a cane from his RFC. The Commissioner argues again that the cane was not prescribed by a treating physician, and that the ALJ factored its use into his decision, even if he did not address his reasons for excluding it from the RFC. The Court found that the ALJ failed to undertake any analysis to explain his finding that Plaintiff did not need a cane, concluding that the ALJ failed to establish a logical bridge between his evidence and the RFC and remand was required. *Shramek v. Apfel*, 226 F.3d 809, 811 (7th Cir. 2000).

Contrary to the Commissioner's position, these errors are not a failure of articulation. Rather, the ALJ's failure to resolve inconsistencies resulted in failure to build a logical bridge and results in a flawed RFC finding. Therefore, the Court finds that the Commissioner's position was

8

not substantially justified. *See Martinez v. Barnhart*, No. 02 C 2354, 2004 WL 2663193, at *1 (N.D. Ill. Feb. 23, 2004) (finding that Commissioner's position was not substantially justified where the ALJ failed to resolve inconsistencies in the record when determining Plaintiff's RFC).

*4. Conflict Between Vocational Expert Testimony and the Dictionary of Occupational Titles*

Remand in this case was also based on the ALJ's failure to comply with SSR 00-4p's requirements. SSR 00-4p provides that an ALJ must "[i]dentify and obtain a reasonable explanation for any conflicts between occupational evidence provided by VEs or VSs and information in the [DOT] . . ." SSR 00-4p. The DOT is "a standard reference work that is often consulted to determine whether a person with the claimant's [RFC] can perform work available in the national economy." *Morton v. Barnhart*, No. 1:03CV0995, 2005 WL 1528242, at *2 (S.D. Ind. June 28, 2005). Here, the Court found that the errors of the VE and ALJ left a record that did not demonstrate whether there were any jobs in the economy that could be performed by someone with Plaintiff's limitations. Not only were the job codes incorrect, but the ALJ failed to ask about conflicts between the VE's testimony and the DOT.

An ALJ's failure to question the VE as to whether her testimony was consistent with the DOT is "a straightforward failure to comply with the specific requirements of SSR 00-4p," leading to the conclusion that "the Commissioner's position, both before and during litigation, has not been substantially justified." *Morton*, 2005 WL 1528242, at *2 (citing *Golembiewski*, 382 F.3d at 724). The ALJ's failure to comply with SSR 00-4p "produced exactly the sort of remand that SSR was intended to avoid." *Id.* As such, the Commissioner's position supporting the ALJ's questioning of the VE is without substantial support.

9

Because the Commissioner's positions on the issues remanded by the Court were without substantial justification, and were contrary to established law, Plaintiff is entitled to reasonable fees pursuant to the EAJA.

## B. Fees

Plaintiff's attorney has the burden of proving that the EAJA fees he seeks are reasonable. *See Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); 28 U.S.C. § 2412(d)(1)(B). "Hours that are not properly billed to one's client are also not properly billed to one's *adversary* pursuant to statutory authority." *Hensley*, 461 U.S. at 434 (quotation omitted). As a result, the prevailing party should make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary. *See Hensley*, 461 U.S. at 437. The amount of a fee award is left to the discretion of the district court because of its "superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters." *Id*.

The Commissioner makes no argument regarding the reasonableness of the fees and costs in the amount of $9,822.05. However, the Commissioner does object to the fees being paid directly to counsel rather than to Plaintiff himself as the prevailing party in light of the recent Supreme Court decision in *Astrue v. Ratliff*, 130 S. Ct. 2521, 560 U.S. — (2010).

In *Ratliff*, the United States Supreme Court held that an EAJA award is payable to the litigant, not his attorney, and is, therefore, subject to offset to satisfy any pre-existing debt that the litigant owes the United States. 130 S. Ct. at 2524, 560 U.S. at —. The Supreme Court concluded that under the EAJA, "the party, rather than the lawyer, is entitle[d] to receive the fees . . . and that the statute controls what the losing defendant must pay, not what the prevailing plaintiff must pay his lawyer." *Id*. at 2529 (quotations marks and internal citations omitted). In light of the decision

in *Ratliff*, the Court declines the request that the fee award be made payable to Plaintiff's attorney, notwithstanding the fee agreement executed by Plaintiff.

## CONCLUSION

Based on the foregoing, the Court hereby **GRANTS** Plaintiff's Motion for an Award of Attorney's Fees and Costs Pursuant to the Equal Access to Justice Act [DE 32] and **ORDERS** that Plaintiff is awarded attorney fees in the total amount of $9,822.05 in fees and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412.

SO ORDERED this 29th day of March, 2011.

s/ Paul R. Cherry<br>MAGISTRATE JUDGE PAUL R. CHERRY<br>UNITED STATES DISTRICT COURT

cc: All counsel of record.